IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., a/s/o HESTER TROYER, : :  Plaintiff : | No. 1:20-cv-02018 |
|  v. : : | (Judge Kane) |
| METROPOLITAN EDISON COMPANY : d/b/a MET-ED, ITRON, INC., : WELLINGTON ENERGY, INC., :  Defendants : | |

## MEMORANDUM

Before the Court is Defendant Itron, Inc. ("Itron")'s Motion to Dismiss Plaintiff State Farm Fire & Casualty Co. a/s/o Hester Troyer ("Plaintiff")'s Second Amended Complaint. (Doc. No. 52.) For the following reasons, the Court will deny Itron's motion to dismiss.

## I. BACKGROUND[1]

Plaintiff provided homeowners' insurance to Hester Troyer ("Subrogor") in connection with her residence located at 50 Salt Lake Circle in Fawn Grove, Pennsylvania (the "Property"). (Doc. No. 50 ¶ 3.) Prior to and on July 3, 2019, Defendant Met-Ed was responsible for providing electrical utility goods and services to subrogor at the property. (Id. ¶ 10.) On July 3, 2019, a fire occurred at the property, originating in the electrical meter and its associated parts, "specifically in the parts and contacts within the meter that carry electrical current, and having been ignited by electricity Met-Ed generated, distributed, sold, delivered, and otherwise provided to subrogor at the subject property, and had passed through the meter." (Id. ¶ 11.) The Second Amended Complaint alleges that an investigation of the fire's cause "revealed that it resulted from an electrical failure that occurred in the meter, causing it to overheat." (Id. ¶ 12.) The

---

[1] The following factual background is taken from the allegations of Plaintiff's Second Amended Complaint against Defendants Metropolitan Edison Company d/b/a Met-Ed ("Met-Ed"), Itron, and Wellington Energy, Inc. ("Wellington Energy") (collectively, "Defendants"). (Doc. No. 50.)

Second Amended Complaint asserts that the meter and its associated parts were "designed, manufactured, assembled, sold, and distributed by" Itron and were installed by Wellington Energy at the request of Met-Ed.  (Id.)  The Second Amended Complaint alleges that, as a direct and proximate result of Defendants' acts and/or omissions, subrogor sustained property-related damage in excess of $325,000.00.  (Id. ¶ 13.)

On October 30, 2020, Plaintiff filed a complaint against Met-Ed arising out of the July 3, 2019 fire that occurred at the property.  (Doc. No. 1.)  Met-Ed answered the complaint (Doc. No. 6), and, after two case management conferences with the Court, on February 18, 2021, the Court, in accordance with an agreement between Plaintiff and Met-Ed, issued an Order permitting Plaintiff to file an amended complaint adding Itron and Wellington Energy as defendants in this action (Doc. No. 16).  Accordingly, Plaintiff filed an Amended Complaint (Doc. No. 19) on February 28, 2021, adding Itron and Wellington Energy as defendants in this action.

Subsequently, without the written consent of the parties, and without leave of the Court, Plaintiff filed a Second Amended Complaint against all Defendants on April 28, 2021.  (Doc. No. 37.)  Wellington Energy answered the Second Amended Complaint and asserted a cross-claim against Itron and Met-Ed.  (Doc. No. 39.)  Itron answered the cross-claim of Wellington Energy (Doc. No. 40) and filed a motion to dismiss Plaintiff's Second Amended Complaint on May 11, 2021 (Doc. No. 38), followed by a brief in support on May 20, 2021 (Doc. No. 41).  Plaintiff filed a brief in opposition to the motion to dismiss on June 3, 2021.  (Doc. No. 42.)  On June 24, 2021, Met-Ed answered the Second Amended Complaint and asserted cross-claims against the other named defendants, while also answering any cross-claims asserted against it.  (Doc. No. 43.)  On June 25, 2021, Itron answered the cross-claims of Met-Ed.  (Doc. No. 44.)

On June 28, 2021, the Court issue an Order striking the Second Amended Complaint for failure to comply with the requirements of Federal Rule of Civil Procedure 15 and Local Rule 15.1, as Plaintiff had provided no evidence of the written consent of all parties to the filing of a Second Amended Complaint, nor did Plaintiff seek the Court's leave to file a Second Amended Complaint.  (Doc. No. 45.)  The Court's Order permitted Plaintiff to file a motion for leave to file a Second Amended Complaint that complied with Rule 15 and Local Rule 15.1 within fourteen (14) days of the date of the Order.  In light of the concurrence of all parties to Plaintiff's subsequent motion, on September 2, 2021, the Court granted Plaintiff's motion and permitted Plaintiff to file the Second Amended Complaint (Doc. No. 49), which Plaintiff did on September 13, 2021 (Doc. No. 50).  The Second Amended Complaint asserts the following claims against the defendants: (1) Count I – Negligence against Met-Ed; (2) Count II – Breach of Warranties against Met-Ed; (3) Count III – Strict Liability against Met-Ed; (4) Count IV – Negligence against Itron; (5) Count V – Strict Liability against Itron; (6) Count VI – Negligence against Wellington Energy; and (7) Count VII – Breach of Contract against Wellington Energy.  (Id.)

Itron filed the instant motion to dismiss the negligence and strict liability claims asserted against it in the Second Amended Complaint (Doc. No. 52), with a supporting brief (Doc. No. 53), on September 27, 2021, while Met-Ed and Wellington Energy answered the Second Amended Complaint and various cross-claims (Doc. Nos. 51, 54, 55, 56, 57).  Plaintiff filed a brief in opposition to Itron's motion on October 12, 2021.  (Doc. No. 58.)  The time for the filing of a reply brief having expired, the motion is ripe for disposition.

**II.**     **LEGAL STANDARD**

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224,

232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible.  See id.  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court has instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory

allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1947, 1950).

### III. DISCUSSION

As noted above, Itron moves to dismiss the claims asserted against it in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 52.) In support of its motion, Itron argues that the Second Amended Complaint fails to allege sufficient facts to support the claims against it, arguing that "[t]he only facts alleged in the Second Amended Complaint regarding Itron is that it designed, manufactured, assembled, and sold the electrical meter and its associated parts and that there was an electrical failure of unknown cause or type within the electrical meter." (Doc. No. 53 at 5.) Itron maintains that "[t]here are no factual allegations describing how or why any of the Itron parts were defective." (Id.)

Plaintiff opposes Itron's motion, arguing that the Second Amended Complaint sets forth more than sufficient facts to state claims for negligence and strict liability based on the electrical failure within the meter and the resulting fire. (Doc. No. 58-2 at 5.) Plaintiff points to allegations that: Itron designed/manufactured/assembled/sold/distributed the meter and its associated parts used by utility companies such as Met-Ed; Met-Ed selected a meter for the property designed/manufactured/assembled/sold/distributed by Itron; the fire occurring at the property originated in the meter, specifically "the parts and contacts within the meter that carry electrical current"; and Plaintiff's investigation indicated that the fire was caused by "an electrical failure that occurred in the meter, causing it to overheat." (Id. at 5-6.) Plaintiff maintains that it has sufficiently set forth facts supporting claims of negligence and strict liability

5

against Itron arising out of the electrical failure in the meter at the pleading stage of this litigation.  (Id. at 6-7.)

Upon consideration of the arguments of the parties, the Second Amended Complaint, and the relevant authorities, the Court concludes that Itron has failed to demonstrate that Plaintiff's claims against it are subject to dismissal at this juncture.  As Itron correctly notes, a claim for negligence under Pennsylvania law requires the following: a legal duty and its breach, a causal link between the breach and the injury alleged, and actual loss or damage suffered by the claimant as a result.  See Lux v. Gerald E. Ort Trucking, Inc., 887 A.2d 1281, 1286 (Pa. Super. 2005).  A claim for strict liability under Section 402A of the Restatement (Second) of Torts requires proof of a defective product that caused the plaintiff injury, and the defect must have existed at the time the product left the manufacturer's control.  See Barnish v. KWI Bldg. Co., 980 A.2d 535, 541 (Pa. 2009).  The Second Amended Complaint identifies the defective product made by Itron (the electrical meter) as the source of the failure that caused the fire, damaging the property.  While the Second Amended Complaint does not specifically identify the precise nature of the defect in the meter, the well-pleaded facts give rise to a plausible claim that a failure occurred in the electrical meter, causing it to overheat and igniting the fire.  Accepting all facts as true and viewing all reasonable inferences that can be drawn from them in the light most favorable to Plaintiff, as the Court is required to do when assessing a motion to dismiss for failure to state a claim, the Court concludes that Plaintiff's Second Amended Complaint pleads adequate facts to support plausible negligence and strict liability claims against Itron.  See, e.g., Barton v. Lowe's Home Centers, Inc., 124 A.3d 349, 356 (Pa. Super. 2015) (reversing trial court decision sustaining preliminary objections and dismissing claims of design, manufacturing, and failure-to-warn defects under Pennsylvania law, noting that "[a] more precise identification of

the design defect, manufacturing defect or failure-to-warn defect is a matter for discovery and reports from experts (and perhaps a fire marshal)"); cf. <u>Mills v. Ethicon</u>, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (dismissing negligence claim against manufacturer/distributor of medical device under federal pleading standards where complaint failed to state a particular legal basis for each claim against each defendant, and failed to state what specific product was at issue).

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Itron's motion to dismiss. An Order consistent with this Memorandum follows.